**ERIKSON LAW GROUP**
David Alden Erikson, California Bar No. 189838
  david@daviderikson.com
S. Ryan Patterson, California Bar No. 279474
  ryan@daviderikson.com
200 North Larchmont Blvd.
Los Angeles, California 90004
Telephone: (323) 465-3100
Facsimile:  (323) 465-3177

Attorneys For Plaintiff

FILED
CLERK, U.S. DISTRICT COURT
MAR 19 2014
CENTRAL DISTRICT OF CALIFORNIA
BY                               DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ALEXANDRA VILLA, individually and dba IN HOUSE PUBLIC RELATIONS,

   Plaintiff,

vs.

LISA ANDRADE, an individual, and INHOUSE PUBLIC RELATIONS, LLC, a limited liability company, and DOES 1 through 10, inclusive,

   Defendants.

Case No.: CV14-2101 BRO (PJWx)

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF THE LANHAM ACT AND UNFAIR COMPETITION**

Plaintiff Alexandra Villa dba In House Public Relations ("Villa" or "Plaintiff") hereby complains against Defendants Lisa Andrade, InHOUSE Public Relations LLC, and Does 1 through 10 (collectively referred to herein as "Defendants") as follows:

1
COMPLAINT

## I. THE PARTIES

1. Plaintiff is, and at all times relevant herein was, residing and doing business in Los Angeles County, California. For over a decade, Plaintiff has been in the business of providing public relations services under the trade name "In House Public Relations."

2. Villa is informed and believes and thereon alleges, that Andrade is an individual residing in Texas, and who is conducting business in the County of Los Angeles, California at all times relevant hereto.

3. Villa is informed and believes and thereon alleges Defendant InHouse is a duly formed limited liability company that is and was conducting business in the County of Los Angeles, California.

4. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as Does 1 through 10, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities when the same has been ascertained. Villa is informed and believes, and thereon alleges, that each fictitiously-named Defendant is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

5. Each of the Defendants acted as an agent for each of the other Defendants in doing the acts alleged and each Defendant ratified and otherwise adopted the acts and statements performed, made or carried out by the other Defendants so as to make them directly and vicariously liable to Villa for the conduct complained of herein.

## II. GENERAL ALLEGATIONS

6. Villa is a long-established and successful public relations firm, doing business under the trade and business name "In House Public Relations."

7. At some time after Villa began her business and established trade name "In House" as a source identifier known in the relevant marketplace, Defendants began running a competing public relations business under the same name.

8. Villa has requested that Defendants cease doing business under the name "InHouse," and Defendants have ignored such requests.

9. Thus, Villa brings this action for unfair competition under the Trademark Act of 1946, as amended (The Lanham Act, 15 U.S.C. § 1051 et seq.), unfair trade practices under California Business and Professions Code Sections 17200 et seq., negligence, and unfair competition under the common law of the State of California.

10. Defendants' use of the common trade name and related activities is likely to confuse and deceive the public and has caused damage to Villa and the goodwill of her business, all in amounts which are not yet ascertainable but which are not less than the jurisdictional minimum of this court. It will divert sales and make consumers and sellers think less of Villa's services and business. In addition, Defendants' conduct has and will if not enjoined continue to, greatly diminish the value of Villa's business by confusing consumers, retailers and the press about the both parties businesses and their respective origins.

11. Defendants' aforesaid acts have caused, and will continue to cause, damage and irreparable harm to Villa and are likely to continue unabated, thereby causing further damage and irreparable harm to Villa, and to the goodwill associated with Villa's valuable and well-known marks and names and Villa's business relationships, unless preliminarily and permanently enjoined and restrained by the Court.

12. Villa has no adequate remedy at law and will suffer irreparable injury if Defendants are allowed to continue to wrongfully continue the conduct herein described.

13. Villa is entitled to punitive, exemplary, statutory and special damages

as alleged above.

### First Claim For Relief for Unfair Competition Under Section 43(a) of The Lanham Act (15 U.S.C. § 1125(a))
### (Against All Defendants)

14. Villa incorporates herein by this reference paragraphs 1 through 13 as if set forth in full in this cause of action.

15. By Defendants' unlicensed, unconsented to, and otherwise unauthorized use of Villa's names and marks, Defendants have wrongfully appropriated for themselves business and goodwill value that properly belongs to Villa and that Villa has invested time, money and energy developing.

16. Defendants' unlicensed, unconsented to, and otherwise unauthorized use of Villa's names and marks and other signature source-identifying elements constitutes a false representation that wrongly suggests to the trade, relevant purchasing public, and consumers, that Villa is the source of, or endorses or approves of, Defendants' services, or that Villa and Defendants are in some way associated.

17. Defendants have intentionally traded, infringed upon, and diluted Villa's marks, names and other signature thematic and source-identifying elements, and misrepresented and created confusion regarding the source, origin, and quality of Defendants' services.

18. By reason of Defendants' acts of unfair competition as alleged herein, Plaintiff has suffered and will continue to suffer substantial damage to its business in the form of diversion of trade, loss of profits, and a dilution in the value of its rights, all in amounts which are not yet ascertainable but which are estimated to be not less than the jurisdictional minimum of this court.

19. By virtue of Defendants' acts hereinabove described, Defendants have committed, and are continuing to commit, unlawful, unfair, and fraudulent business acts in violation of, *inter alia*, 15 U.S.C. § 1125(a).

## Second Claim For Relief for Unfair Competition Under Business and Professions Code §§ 17200 et seq.
### (Against All Defendants)

20. Villa incorporates herein by this reference paragraphs 1 through 19 as if set forth in full in this cause of action.

21. Defendants, by means of the conduct above, have engaged in, and are engaging in, unlawful, unfair, and deceptive business practices under California Business and Professions Code §§ 17200 through 17203. These acts and practices undertaken by Defendants violate California Business & Professions Code § 17200 in that they are—as described above—unfair, fraudulent, and/or unlawful. Specifically, without limiting the generality of the foregoing, such acts and practices are and were fraudulent in that: (a) Defendants seek to deceive consumers regarding the source, quality and origin of their goods and their association with Villa, and (b) the general public and trade is likely to be confused regarding the business relationship between Villa and Defendants. Further, without limiting the generality of the foregoing, the harm to Villa and to members of the general public far outweighs the utility of Defendants' practices and, consequently, Defendants' practices constitute an unfair business act or practice within the meaning of Business and Professions Code § 17200. Further, without limiting the generality of the foregoing, such acts by Defendants are unlawful in that they violate, *inter alia*, provisions of the Lanham act as alleged above.

22. Villa has sustained, and will continue to sustain, serious and irreparable injury to its business and reputation, as a direct and proximate result of Defendants' conduct (as described above). Unless Defendants are enjoined by this Court, there

is a substantial possibility that they will continue to engage in such unlawful, unfair, and deceptive business practices, for which Villa is without an adequate remedy at law. Accordingly, Villa is entitled to a preliminary injunction and permanent injunction against Defendants and their officers, directors, employees, agents, representatives, affiliates, subsidiaries, distributors, and all persons acting in concert with them, prohibiting them from engaging in further unlawful, unfair and/or fraudulent business practices.

23. As a direct result of Defendants' unlawful, unfair, fraudulent, and deceptive business practices, Defendants have received, and continue to receive, income and profits that they would not have earned but for their unlawful, unfair, and deceptive conduct, and Villa is entitled to disgorgement of such funds wrongfully obtained.

24. By reason of Defendants' acts of unfair competition as alleged herein, Plaintiff has suffered and will continue to suffer substantial damage to its business in the form of diversion of trade, loss of profits, loss of goodwill, and a dilution in the value of its rights.

25. Villa is also entitled under the provisions of Business and Professions Code § 17208 to an injunction prohibiting Defendants, and each of them, from engaging in any act, directly or indirectly, which constitute unlawful, unfair, and deceptive business practices.

26. Villa is entitled to punitive damages as alleged above.

27. Defendants' conduct, if allowed to proceed and continue and/or let stand, will cause irreparable damage to Villa' valuable business relationships and consumer relations and will require Villa to undertake efforts to mitigate damage to such relations, all to Villa' detriment. Further, such mitigation costs will require substantial time, effort, and expenditures by Villa, all to Villa' detriment.

## Third Claim For Relief for Unfair Competition Under California Common Law

### (Against All Defendants)

28. Villa incorporates herein by this reference paragraphs 1 through 27 as if set forth in full in this cause of action.

29. The actions of Defendants, as alleged above, constitute unfair competition under California common law.

30. Defendants' alleged conduct was, and continues to be, intentional, deliberate, willful, malicious, and in blatant disregard of Villa's rights; and was, and continues to be, undertaken with oppression, fraud and malice.

31. As a direct result of Defendants' unfair competition, Defendants have received and continue to receive income and profits that they would not have otherwise earned, and Villa is entitled to disgorgement of such funds wrongfully obtained.

32. By reason of Defendants' acts of unfair competition as alleged herein, Plaintiff has suffered and will continue to suffer substantial damage to its business in the form of diversion of trade, loss of profits, and a dilution in the value of its rights, all in amounts which are not yet ascertainable but which are estimated to be not less than the jurisdictional minimum of this court.

33. Villa has sustained, and will continue to sustain, serious and irreparable injury to their business and reputation, a direct and proximate result of Defendants' acts of unfair competition (as described above). Unless Defendants are enjoined by this Court, there is a substantial possibility that they will continue to engage in such misconduct, for which Villa is without an adequate remedy at law. Accordingly, Villa is entitled to a preliminary injunction and permanent injunction against Defendants and their officers, directors, employees, agents, representatives, affiliates, subsidiaries, distributors, and all persons acting in concert with them, prohibiting them from engaging in further unfair competition.

34. Villa is further informed and believes and thereon alleges that Defendants have unlawfully and unjustly profited from the acts herein alleged. Accordingly, Villa is entitled to an award against Defendants for the recovery of any gains, profits and advantages Defendants have obtained as a result of their unlawful conduct, Villa' damages, attorneys' fees and costs, as well as exemplary and punitive damages (pursuant to California Civil Code § 3294).

35. Villa is entitled to punitive damages as alleged above.

36. Villa is further informed and believes and thereon alleges that Defendants have unlawfully and unjustly profited from the acts herein alleged. Accordingly, Villa is entitled to an award against Defendants for the recovery and of any gains, profits and advantages Defendants have obtained as a result of his unlawful conduct, Villa's damages, attorneys' fees and costs, as well as exemplary and punitive damages (pursuant to California Civil Code § 3294).

**Fourth Claim For Relief for Federal False Designation Of Origin And Misleading Representation (15 U.S.C. ' 1125(a))**

(Against All Defendants)

37. Villa incorporates herein by this reference paragraphs 1 through 86 as if set forth in full in this cause of action.

38. Defendants' use of the "InHOUSE Public Relations" name and other signature elements, constitutes a false designation of origin, or false or misleading representation of fact which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendants with Villa, or as to the origin, sponsorship or approval of Defendants' commercial activities, and as a consequence, are likely to divert and have diverted customers away from Villa.

39. Villa has no control over the nature and quality of Defendants' goods. Any failure, neglect or default by Defendants in providing such goods will reflect adversely on Villa as the believed source of origin thereof, hampering efforts by

Villa to continue to protect its outstanding reputation for high quality goods, resulting in loss of sales thereof and the considerable expenditure to promote its products and services, all to the irreparable harm of Villa.

40. Defendants' use of the "InHOUSE Public Relations" name has caused and is likely to cause confusion and false designation of origin in the trade and among the public. This confusion constitutes irreparable harm to Villa, which will continue unless Defendants are enjoined by this Court.

### Fifth Cause Of Action for Negligence
### (Against All Defendants)

41. Villa incorporates herein by this reference paragraphs 1 through 85 as if set forth in full in this cause of action.

42. Defendants, and each of them, owed a duty of care to Villa, as described above.

43. Defendants breached their duty of care to Villa and failed to exercise reasonable care in that, among other things, they failed to prevent injurious implied falsehoods from reaching the public.

44. As a proximate result of Defendants' negligence, Villa has been damaged in an amount to be proven at trial but exceeding the jurisdictional minimum of this Court.

### III.   PRAYER

WHEREFORE, Villa pray judgment against Defendants as follows:

1. That Villa be awarded all damages, including future damages, that Villa has sustained, or will sustain, as a consequence of the acts complained of herein, subject to proof at trial;

2. That Villa be awarded its costs, attorneys' fees and expenses in this action;

3. That Villa be awarded pre-judgment interest;

4. For an order permanently enjoining Defendants and their employees, agents, servants, attorneys, representatives, successors, and assigns, and any and all persons in active concert or participation with any of them, from engaging in the misconduct referenced herein;

5. That Defendants be adjudged to have engaged in unlawful, unfair and/or fraudulent business practices and unfair competition in violation of California Business and Profession Code §§ 17200 et seq.;

6. For disgorgement of all proceeds, and restitution of the moneys wrongfully received by Defendants as the result of their unlawful, unfair, and deceptive business practices;

7. For punitive damages in an amount sufficient to deter Defendants, and each of them, from their wrongful conduct;

8. For statutory damages; and

9. That Villa have such other and further relief as the Court may deem appropriate.

DATED: March 18, 2014

David A. Erikson

By: _____
David A. Erikson
Attorney for Plaintiff Alexandra Villa

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on its claims on all issues triable by a jury.

DATED: March 18, 2014

David A. Erikson

By: /s/ David A. Erikson
David A. Erikson
Attorney for Plaintiff Alexandra Villa

ERIKSON LAW GROUP
200 NORTH LARCHMONT BOULEVARD
LOS ANGELES, CALIFORNIA 90004
Tel 323.465.3100 • Fax 323.465.3177

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge __Beverly Reid O'Connell__ and the assigned Magistrate Judge is __Patrick J. Walsh__.

The case number on all documents filed with the Court should read as follows:

**CV14-2101-BRO(PJWx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

March 19, 2014            By   C. Sawyer
Date                           Deputy Clerk

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

[x] Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

[ ] Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

[ ] Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

CV-18 (08/13)                NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
Alexandra Villa, individually and dba In House Public Relations

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
Lisa Andrade, an individual, and InHouse Public Relations, LLC, a limited liability company, and DOES 1 through 10, inclusive

**(b) County of Residence of First Listed Plaintiff** Los Angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**County of Residence of First Listed Defendant** Bexar
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.
Erikson Law Group, 200 N. Larchmont Blvd., Los Angeles, CA 90026

**Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☒ **MONEY DEMANDED IN COMPLAINT:** $ TBD at trial; injunction

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. §1125(a)

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☒ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS PERSONAL INJURY** | **TORTS PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| | **REAL PROPERTY** | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: CV14-2101

CV-71 (11/13)     CIVIL COVER SHEET     Page 1 of 3

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court?<br>☐ Yes  ☒ No<br>If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action?<br>☐ Yes  ☒ No<br>If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF?<br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims?<br>(Make only one selection per row) | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

**C.1.** Is either of the following true? If so, check the one that applies:

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
**SOUTHERN DIVISION.**
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2.** Is either of the following true? If so, check the one that applies:

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
**EASTERN DIVISION.**
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
**WESTERN DIVISION.**
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Western |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed? ☒ NO ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed **in this court** that are related to the present case? ☒ NO ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** [signature] DATE: 3/18/14

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |